"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

SEP 2 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORLUCCI,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>M.S. EVANS, Warden,<br><br>　　　　Respondent. | Case No. CV 08-5646-GHK (RNB)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION |

Petitioner, a California state prisoner currently incarcerated at Salinas Valley State Prison in Soledad ("SVSP"), purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody herein on August 27, 2008, along with a voluminous set of attached documents.

The allegations of the Petition are not entirely intelligible. However, as best the Court can glean from petitioner's allegations, his claims are not directed to the legality or duration of petitioner's current confinement,[1] but rather are directed to

---

[1] The Court notes that the legality of petitioner's confinement was the subject of a separate habeas petition filed by petitioner on November 18, 2004 in Case No. CV 04-9878-GHK (RNB). The Court's dismissal of that action for being time barred under 28 U.S.C. § 2244(d) is currently the subject of a Ninth Circuit
(continued...)

1

conditions of confinement allegedly being experienced by petitioner while incarcerated at SVSP.

Claims directed to the conditions of petitioner's confinement may not properly be asserted in a habeas petition, or as part of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be asserted in a separate civil rights action. The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). In this instance, however, the Court chooses not to exercise such discretion for the following reasons.

First, petitioner's claims are not even intelligible. Second, petitioner does not name in the Petition the correctional officials who allegedly violated his civil rights. Thus, the identity of the defendants is unknown. Third, venue over petitioner's claims directed to conditions of his confinement allegedly being experienced at SVSP does not even lie in this District. Rather, since SVSP is located in Monterey County, any such claims must be brought in the Northern District of California. See 28 U.S.C. §§ 84(a), 1391(b).

//
//
//
//
//
//
//

---

[1](...continued)
appeal.

1  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United
2  States District Courts, IT THEREFORE IS ORDERED that this action be summarily
3  dismissed without prejudice.
4      LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED: 9/21/08

                                                            GEORGE H. KING
                                                            UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge